IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00452-BNB

HORATIO DEMARIOUS SMITH,

    Applicant,

v.

JOHN C. OLIVER,

    Respondent.

ORDER TO FILE SUPPLEMENT TO PRELIMINARY RESPONSE

    Applicant, Horatio Demarious Smith, is a prisoner in the custody of the Federal Bureau of Prisons at the United States Penitentiary in Florence, Colorado. Mr. Smith has filed *pro se* an Amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 8) challenging a disciplinary hearing officer decision.

    On April 2, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 12) directing the Respondent to file a preliminary response to the Amended Application asserting the affirmative defense of exhaustion of administrative remedies if the government intended to raise the defense. Respondent filed a preliminary response on April 24, 2014 (ECF No. 17), asserting the exhaustion defense. Mr. Smith filed a reply on May 9, 2014. (ECF No. 18).

    Mr. Smith alleges in the Amended Application that he has been denied due process in connection with a July 11, 2013 disciplinary action concerning an incident report he received (Incident Report 2426867). He asserts two claims: (1) that he was not given 24-hours notice of the charges before his disciplinary hearing; and (2) that the

hearing officer in his Special Management Unit placement hearing was biased due to a previous interaction with the Applicant. (ECF No. 8, at 3, 5).

Respondent asserts in the Preliminary Response that Mr. Smith exhausted his administrative remedies with respect to his first claim. (ECF No. 17, at 1). However, the government argues that Applicant's second claim should be dismissed because he failed to exhaust administrative remedies. Mr. Smith replies that he has exhausted his available administrative remedies.

The Court has reviewed the administrative record attached to the parties' filings and it appears that Applicant has failed to exhaust administrative remedies for claim two of the Amended Application.

Respondents are directed to file a supplemental preliminary response stating whether Mr. Smith still has an administrative remedy available to him. If so, Respondents shall further brief the Court on whether the mixed petition rule applies in this case. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982) (holding, under predecessor to current § 2254, that federal district courts cannot reach the merits of "mixed" petitions containing both exhausted and unexhausted claims). *Cf. Abdulhaseeb v. Ward*, No. 05–6054, 173 F. App'x. 658, 660 (10th Cir. March 27, 2006) (unpublished) (recognizing that normally a § 2241 application containing both exhausted and unexhausted claims (a mixed petition) should be dismissed without prejudice to refiling). Finally, if no administrative remedy is available to Mr. Smith, Respondents should address whether claim two is procedurally barred. Accordingly, it is

ORDERED that **within fourteen (14) days** of the date of this Order, Respondent shall file a Supplement to the Preliminary Response, in accordance with the above

directives.

DATED May 22, 2014, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge