IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00452-BNB

HORATIO DEMARIOUS SMITH,

    Applicant,

v.

JOHN C. OLIVER,

    Respondent.

ORDER OF DISMISSAL

Applicant, Horatio Demarious Smith, is a prisoner in the custody of the Federal Bureau of Prisons at the United States Penitentiary in Florence, Colorado. Mr. Smith initiated this action by filing *pro se* a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Pennsylvania. The action was transferred to this Court on February 21, 2014, because Applicant is incarcerated at USP-Florence.

On February 25, 2014, Magistrate Judge Boyd N. Boland reviewed the Petition and determined that it was deficient because it was not filed on the court-approved § 2241 Application form. Magistrate Judge Boland directed Mr. Smith to file his claims on the court-approved form within thirty days, and to either pay the $5.00 filing fee or file a § 1915 motion and affidavit on the court-approved form. Mr. Smith filed his Amended Application for Relief Pursuant to 28 U.S.C. § 2241 (ECF No. 8) on March 24, 2014 and subsequently paid the $5.00 filing fee.

On April 2, 2014, Magistrate Judge Boland entered an order (ECF No. 12)

directing the Respondent to file a preliminary response to the Amended Application asserting the affirmative defense of exhaustion of administrative remedies if the government intended to raise the defense.  Respondent filed a preliminary response on April 24, 2014 (ECF No. 17) asserting the exhaustion defense.  Mr. Smith filed a reply on May 9, 2014.  (ECF No. 18).

The Court must construe liberally Mr. Smith's filings because he is not represented by an attorney.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a pro se litigant.  See Hall, 935 F.2d at 1110.  For the reasons stated below, the § 2241 Application will be dismissed, without prejudice.

Mr. Smith asserts in the Application that he has been denied due process in connection with a hearing for his Referral for Designation to a Special Management Unit (SMU) held on July 11, 2013.  (ECF No. 18, at 17).  The Hearing Administrator recommended that Applicant be designated to an SMU.  (Id. at 18-20).  The Regional Director concurred in the Hearing Administrator's findings on July 16, 2013.  (Id. at 21).  The Designation and Sentence Computation Center (DSCC) approved Applicant's designation to an SMU on July 24, 2013.  (Id.).  Mr. Smith received notice of the DSCC decision on December 4, 2013.  (Id.).

Mr. Smith asserts two claims in the Application: (1) he was not given 24-hours notice of the charges before the hearing; and (2) the hearing administrator was biased due to a previous interaction with the Applicant.  (ECF No. 8, at 3, 5).

After review, the Court has determined that Mr. Smith's claims are not properly filed in a 28 U.S.C. § 2241 action. "The essence of habeas corpus is an attack by a

person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A § 2241 petition challenges the execution of a prisoner's sentence. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Applicant's placement in the SMU does not affect the duration of his sentence. Although Mr. Smith seeks restoration of vested good time credits in his Request for Relief (*see* ECF No. 8, at 5), the Hearing Administrator's Report on Referral for Designation to a [SMU] did not sanction Applicant with the forfeiture of good time credits. (*See* ECF No. 18, at 18-20). Mr. Smith's challenge to his placement in the SMU concerns the conditions of his confinement and is cognizable in a civil rights action. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331, *see Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011). Accordingly, it is

ORDERED that the Amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 8), filed by Horatio DeMarious Smith, is DISMISSED WITHOUT PREJUDICE. Mr. Smith may raise his claims in a civil rights action. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied for the purpose of appeal. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED at Denver, Colorado, this  20th  day of   June  , 2014.

BY THE COURT:


 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court